# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**LIONEL ORLANDO MADISON**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:11-CR-348

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [x] (1) There is probable cause to believe that the defendant has committed an offense
  - [x] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  - [ ] under 18 U.S.C.§924(c).
- [x] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 42 and has lived in Grand Rapids since high school. He has never married but has fathered six children by six different women. Three of the children are adults and one is 16 years old. His eight-year-old child resides with him and his mother with whom he lives. Defendant is collecting unemployment. Defendant stated he has no health problems, but when he later admitted that since May of last year he has been smoking marijuana three times a week, and this is because he has a medical marijuana card, he remembered he had a bad back. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community in light of defendant's lengthy record of violent and drug-related offenses, particularly since, on a number of occasions, has committed these offenses while already on parole or probation, thereby violating the same trust placed in him by the courts that he seeks to have placed in him now by being released on bond. Flight is not an issue.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 8, 2012

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **LIONEL ORLANDO MADISON**
1:11-CR-348
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

Defendant has a history of violence, having been convicted of flourishing a firearm, aggravated assault, domestic assault, assault and battery (defendant was charged with 2 counts of home invasion III, and 2 counts of domestic violence II in addition to assault and battery, but the other charges were dismissed per a plea agreement), stalking and felony aggravated stalking.

Defendant also has a drug history. He was convicted of possession with the intent to deliver cocaine (5 to 20 years in prison) in 1998 and delivery/manufacturing of marijuana (1 to 4 years in prison) in 2007.

The most troubling aspect of defendant's criminal record is his proclivity for committing crimes even while he is under court supervision. Defendant was on parole when he was convicted of domestic assault. Defendant was on probation when he was convicted of stalking. Defendant was on probation when he was convicted of a separate offense of aggravated stalking. Defendant was on probation when he was convicted of delivery and manufacturing of marijuana.

**Part II - Written Statement of Reasons for Detention** - (continued)